IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          CRIMINAL ACTION NO. 5:02-cr-00219

DAVID LYNN HATFIELD,

        Defendant.

**MODIFICATION OF SUPERVISED RELEASE**

On May 18, 2009, the Defendant, David Lynn Hatfield, appeared in person and by counsel, Mary Lou Newberger, FPD, for a hearing on the *Request for Modifying the Conditions or Term of Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by Joshua C. Hanks, AUSA. United States Probation Officer Brett S. Taylor was also present at the hearing.

On June 17, 2005, the Defendant was sentenced to a term of imprisonment of 138 months to be followed by a 3-year term of supervised release. On November 18, 2008, the Defendant's sentence was reduced to a term of imprisonment of 78 months; the term of supervised release remained at three years. The Defendant began serving the term of supervised release on November 21, 2008. On April 30, 2009, the *Request for Modifying the Conditions or Term of Supervision* [Docket 233] was filed.

At the May 18, 2009, hearing, the parties were provided the opportunity to address the proposed modifications as set forth in the *Request for Modifying the Conditions or Term of*

*Supervision*. The Defendant, through counsel, noted that he did not oppose the proposed modifications with minor revisions. Neither the United States nor the Probation Officer had objections to the minor revisions as suggested by the Defendant. Accordingly, for the reasons more fully stated on the record, the Court, pursuant to 18 U.S.C. § 3583(e), and after consideration of the factors set forth in 18 U.S.C. § 3553(a), **ORDERED** that the Defendant's supervised release conditions be **MODIFIED** as follows:

1) The Defendant shall successfully complete a placement of up to 180 days at a halfway house, specifically, SECOR, Lebanon Community Correction Center, located in Lebanon, Virginia. If, at some time in advance of the Defendant having completed 180 days at the halfway house, it is believed that the Defendant has fulfilled all of the necessary obligations, either the Probation Officer or the Defendant may petition the Court to terminate the Defendant's obligation to remain at the halfway house for the full 180 days; and

2) The Defendant shall abide by all rules and regulations of the halfway house while residing there, except that the requirement on the part of the Defendant to pay any fees at the halfway house is waived, including but not limited to the requirement that the Defendant pay 25% of his gross wages as subsistence.

All previously imposed conditions of supervised release remain in full effect.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 18, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE