#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

#### BECKLEY DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 5:02-cr-0219** |
| | ) | |
| **DAVID LYNN HATFIELD** | ) | |
| | ) | |

#### ORDER

Pending is Defendant's "Motion for Relief from Judgment"(Document No. 219.), filed on August 21, 2007.[1] Defendant alleges that (1) the District Court improperly considered evidence obtained in violation of State v. Mullens, 221 W.Va. 70, 650 S.E.2d. 169 (2007); (2) the District Court erred in failing to suppress illegally seized evidence; and (3) the District Court lacked subject matter jurisdiction. (Id.) Defendant therefore requests that the Court "obtain a voucher of judgment that is void for lack of jurisdiction, and issue an order that overturns his conviction on the grounds that the District Court did not have jurisdiction to try the case. Thus, setting petitioner free from this current illegal incarceration." (Id., p. 18.)

Defendant filed the above Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Id., pp. 1 - 3.) Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void." A defendant, however, may not attack a criminal conviction using the Federal Rules of Civil Procedure. United States v. Leake, 96 Fed.Appx. 873 (4th Cir. 2004). The Fourth Circuit has recognized that such motions brought under Rule 60(b) are collateral attacks on a defendant's conviction and sentence, which must be brought under 28 U.S.C. § 2255. United States v. Winestock,

---

[1] Because Defendant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

340 F.3d 200, 207 - 08 (4th Cir. 2003). The undersigned therefore finds that Defendant's "Motion for Relief from Judgment" should be construed as a Section 2255 Motion. Accordingly, it is hereby **ORDERED** that the Clerk open a new file indicating Mr. Hatfield as the Movant and the cause as a 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence case and include a copy of Document No. 219.[2]

The Clerk is directed to send a copy of this Order to Mr. Hatfield, who is acting *pro se*.

ENTER: May 20, 2009.

R. Clarke VanDervort
United States Magistrate Judge

---

[2] The Bureau of Prisons' Inmate Locator indicates that Defendant was released from custody on November 21, 2008. Defendant is currently serving his term of supervised release.